UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTOINETTE CALLOW,

        Plaintiff,

        v.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, et al.,

        Defendants.

CASE NO. C07-1247RSM

ORDER ON MOTION IN LIMINE

This matter is before the Court for consideration of defendant's motion in limine. Dkt. # 27. Defendant asks that evidence in this ERISA[1] case be limited to the administrative record, thereby excluding testimony from plaintiff's proposed witnesses. Although the motion was originally noted for February 27, 2009, the Court extended the noting date to May 8, 2009, in order to afford plaintiff the opportunity to demonstrate circumstances which clearly establish that additional evidence is necessary for the Court to conduce an adequate review. Dkt. # 42. Plaintiff has now filed her supplemental response to the motion in limine, along with supporting exhibits. The Court has fully considered the parties' memoranda and supplemental memoranda, and for the reasons set forth below, shall grant defendant's motion in limine.

---

[1] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.*

ORDER - 1

DISCUSSION

Under ERISA, when a denial of benefits is challenged through judicial review, "the record that was before the administrator furnishes the primary basis for review." *Kearney v. Standard Insurance Co.*, 175 F. 3d 1084, 1088 (9th Cir. 1999). Where, as here, de novo review applies, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). While the district court does have discretion to allow evidence that was not before the plan administrator, that discretion should be exercised "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F. 3d 938, 943-44 (9th Cir. 1995). In most cases, the district court should look only at the evidence that was before the plan administrator. *Id.* Applying de novo review, this Court must determine whether plaintiff was entitled to benefits based on the evidence in the administrative record and "other evidence as might be admissible under the restrictive rule of *Mongeluzo*." *Kearney*, 175 F.3d at 1094.

The Ninth Circuit resolved the question of the scope of review that a district court may employ upon de novo review of a plan administrator's decision in *Mongeluzo*. 46 F.3d at 943-44. Agreeing with the Third, Fourth, Seventh, Eighth, and Eleventh Circuits, the court held that extrinsic evidence could be considered only under certain limited circumstances. *Id*. Thus, the district court should exercise its discretion to consider evidence outside of the administrative record " 'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.' " *Id.* at 944 (quoting *Quesinberry v. Life Ins. Co. of N. America*, 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)) (emphasis added). The appellate court emphasized that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence" and that "[i]n most cases" only the evidence that was before the plan administrator at the time of determination should be considered. *Id.*

In *Quesinberry*, the Fourth Circuit provided a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:

ORDER - 2

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Quesinberry,* 987 F.2d at 1027 (holding that the district court's admission of additional evidence was not an abuse of discretion because the extrinsic evidence was necessary to assist in the understanding of complex medical issues).

The Ninth Circuit has applied the *Mongeluzo* standard to find that the district court's admission of additional evidence was not an abuse of discretion where the plan administrator had prevented the plaintiff from providing medical records to support his claim during its review and the administrative record included only incomplete, illegible, and disorganized medical records. *Friedrich v. Intel Corp.*, 181 F. 3d 1105, 1111 (9th Cir. 1999). The court found that the district court did not abuse its discretion because "[w]ith the addition of [the plaintiff's] trial evidence to [the defendant's] evidence already in the administrative record, the district court had a complete record that allowed the court to make an adequate, independent de novo review of the benefits decision." *Id*.

On the other hand, in *Opeta v. Northwest Airlines Pension Plan*, 484 F. 3d 1211 (9th Cir. 2007), the court of appeals found that the district court abused its discretion by admitting several pieces of extrinsic evidence, including a videotape, and testimony from two doctors, the plaintiff, and the videographer. *Id*. at 1219. The appellate court concluded that none of the extrinsic evidence was necessary to conduct an adequate de novo review.

Here, plaintiff seeks to introduce live testimony (her own, as well as her husband's, four medical experts, and a vocational expert), and certain documents that she sought to submit to the plan administrator after her appeal was closed. She asserts that the exceptional circumstances justifying admission of this evidence are (1) complex medical issues, and (2) credibility issues. She also argues that defendant's failure to provide a copy of the administrative record to her as requested on August 7, 2003

ORDER - 3

impaired her ability to prepare her appeal, yet another extraordinary circumstance justifying admission of extra-record evidence.

As to this last argument, plaintiff refers to various letters in the file, none of which supports her assertion that defendant did not provide the file as requested. Indeed, the record shows that defendant acknowledged the August 7, 2003 request and promised that the medical documentation dated since September 1, 2001 would be sent no later than August 18, 2003. *See*, Administrative Record ("AR") 0080. Defendant has provided notes from claim manager Irene Martin, showing that she planned to copy and send the documents that day. AR 0009. There was no timely follow-up request from plaintiff stating that the promised documents had not been received. Nor has counsel or his office assistant submitted a declaration stating that the claim file was not received by his office in August of 2003 as promised. It was not until March 6, 2007 that counsel made any reference to the file, stating in a letter to defendant that "[w]e have previously requested materials we are entitled to under ERISA, but it appears our requests dating back to August 2003 have gone without response." Plaintiff's Supplemental Response, Dkt. # 45-6, Exhibit 2. In light of the vagueness of this reference, and plaintiff's three-and-a-half-year delay in asserting that documents from the file were not provided, the Court declines to find that defendant's alleged failure to provide the file documents in August 2003 constitutes extraordinary circumstances justifying admission of materials outside the administrative record.

As to plaintiff's other asserted bases, the Court finds that the medical issues presented here are not particularly complex; they fall within the range of issues commonly handled by the Court in ERISA cases and other disability cases. Certainly, neither plaintiff's nor her husband's testimony could assist the Court in addressing medical issues. Nor is it necessary for the medical experts to testify regarding the medical records; they are neither incomplete, illegible, nor disorganized as they were in *Friedrich*. Finally, as to alleged credibility of the vocational experts, should the Court find any actual conflicts between their opinions, it shall consider the thoroughness of the evaluation and report in determining how much weight to accord any expert's opinion. Live testimony by these vocational experts, or another, would not aid the Court and would not be appropriate in this case.

Neither the complexity of the medical issues, nor the alleged conflicts between vocational experts,

ORDER - 4

constitutes the type of exceptional circumstances that would justify admission of evidence outside the administrative record. *Opeta v. NW Airlines Pension Plan*, 484 F. 3d 1211 (9th Cir. 2007). The administrative record here is complete and legible, and plaintiff has not demonstrated any circumstances which clearly establish that additional evidence is necessary for this Court to conduct an adequate de novo review of the benefit decision. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F. 3d at 943-44. Defendant's motion in limine is accordingly GRANTED. The Court's de novo review in this matter shall be limited to review of the administrative record, with the Court proceeding to evaluate "whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d at 963.

A telephonic scheduling conference shall be held in this matter on **Wednesday, June 3 at 3:30 pm.**

Dated this 21st day of May, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5